## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

1   GRACE MATOS ORTIZ,
      Plaintiff,

2

3   v.                                    Civil No. 98-2391 (HL)

4   COMMONWEALTH OF PUERTO

5   RICO, et al.,
      Defendants.

6

7                          **OPINION AND ORDER**

8

9          Plaintiff Grace Matos Ortiz ("Matos") brings suit under Title VII of the Civil Rights

10   Act of 1964, 42 U.S.C.A. § 2000e et seq. (West 1994) ("Title VII") for quid pro quo and

11   hostile environment sexual harassment and for retaliation.  Matos also brings suit under 42

12   U.S.C. § 1983 for denial of the equal protection of the laws.  Finally, Matos invokes this

13   Court's supplemental jurisdiction, 28 U.S.C.A. § 1367 (West 1993), and asserts claims

14   under "the applicable labor laws of Puerto Rico, as well as the tort law of the

15

16   Commonwealth."  She does not specify the nature of her local law claims until she

17   mentions Law 17 and Law 69 in her Opposition to Supplement to Motion to Dismiss, Dkt.

18   No. 14.  See P.R. Laws Ann. tit. 29, § 155 et seq. (1995) ("Law 17"); P.R. Laws Ann. tit.

19   29, § 1321 et seq. (1995) ("Law 69").  Matos presumably brings her tort claims under

20

21   Puerto Rico's Article 1802.  See P.R. Laws Ann. tit. 31, § 5141 (1991) ("Article 1802").

22          Defendants have filed a Motion to Dismiss, Dkt. No. 9; Matos has filed her

23   Opposition, Dkt. No. 10; Defendants have filed a Supplement to Motion to Dismiss, Dkt.

24   No. 11; and Matos has filed an Opposition to Supplement to Motion to Dismiss, Dkt. No.

25

26



AO 72
(Rev 8/82)

Civil No. 98-2391 (HL)                    2

14.  For reasons that follow, Defendants' Motion to Dismiss is granted in part and denied

in part.

### Standard for Motion to Dismiss

In ruling on a Rule 12(b)(6) motion to dismiss, a court must accept all well-pled

factual averments as true and must draw all reasonable inferences in the plaintiff's favor.

*Carparts Distribution Ctr., Inc. v. Automotive Wholesaler's Ass'n*, 37 F.3d 12, 14 (1st Cir.

1994).  A court should not dismiss a complaint for failure to state a claim unless it is clear

that the plaintiff will be unable to prove any set of facts which would entitle him to

recovery.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957);  *Miranda v. Ponce Federal Bank*,

948 F.2d 41, 44 (1st Cir. 1991).  In his complaint a plaintiff is obliged to allege facts

regarding each essential element necessary to entitle him to recovery under an actionable

legal theory.  *Roth v. United States*, 952 F.2d 611, 613 (1st Cir. 1991) (quoting *Gooley v.*

*Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)).

### Discussion

*1. Title VII Claims*

Matos presses her Title VII claims for sexual harassment and retaliation against the

Commonwealth of Puerto Rico ("Commonwealth"), Pedro A. Toledo-Davila ("Toledo"),

Carlos Mercado Colon ("Mercado"), Peter Poe ("Poe"), and Samuel Soe ("Soe").[1]

Defendants have moved to dismiss the claims against Toledo, Mercado, Poe, and Soe on

---

[1]Poe and Soe are supervisors of Mercado whose identity Matos does not yet know.

Civil No. 98-2391 (HL)                    3

1   the ground that individual liability does not lie under Title VII.  The Court agrees.

2   Although the First Circuit has not yet taken a position on the issue,[2] this Court has held on

3   numerous occasions that Title VII can not ground individual liability.  See e.g., *Maldonado*

4
    *Cordero v. AT&T*, 73 F.Supp.2d 177, 183-84 (D.P.R. 1999); *Canabal v. Aramark Corp.*,
5
6   48 F.Supp.2d 94, 96-98 (D.P.R. 1999); *Acevedo Vargas v. Colon*, 2 F.Supp.2d 203, 206

7   (D.P.R. 1998); *Pineda v. Almacenes Pitusa, Inc.*, 982 F.Supp. 88, 91-93 (D.P.R. 1997);

8
    *Contreras Bordallo v. Banco Bilbao Vizcaya de Puerto Rico*, 952 F.Supp. 72, 73-74
9
10  (D.P.R. 1997); *Hernandez v. Wangen*, 938 F.Supp. 1052, 1063-65 (D.P.R. 1996);

11  *Anonymous v. Legal Serv. Corp.*, 932 F.Supp. 49, 50-51 (D.P.R. 1996).  Accordingly,

12  Matos' Title VII claims against Toledo, Mercado, Poe, and Soe wither.  Matos' Title VII

13  claims against the Commonwealth survive.

14
                            *2. Section 1983 Claims*
15
16          Defendants have also moved to dismiss Matos' § 1983 claim for denial of the equal

17  protection of the laws against the Commonwealth on Eleventh Amendment grounds.  The

18  Court need not address this matter, as Matos has asserted in her Opposition that her § 1983
19
20  claims only apply to individual defendants Toledo, Mercado, Poe, and Soe.

21          Defendants' argument that Matos' § 1983 claims are barred by the statute of

22  limitations requires more lengthy treatment.  According to Defendants, the limitations

23
    period for Matos' § 1983 claims began to run no later than October 29, 1997, the day after
24

25          [2]*Morrison v. Carleton Woolen Mills, Inc.*, 108 F.3d 429, 444 (1st Cir. 1997)
26  (declining to answer the question of individual liability under Title VII).

Civil No. 98-2391 (HL)                    4

1    the date on which Matos alleges that Mercado sexually assaulted her.

2         The parties agree that Puerto Rico's one-year personal injury statute of limitations

3    governs § 1983 actions in Puerto Rico.  See *Benitez-Pons v. Puerto Rico*, 136 F.3d 54, 59

4    (1ˢᵗ Cir. 1998).  See also P.R. Laws Ann. tit. 31, § 5298 (1991).  This one-year limitations

5

6    period starts to run "one day after accrual, which is the date plaintiff knew or had reason to

7    know of the injury."  *Benitez-Pons*, 136 F.3d at 59 (citing *Carreras-Rosa v. Alves-Cruz*,

8    127 F.3d 172 (1ˢᵗ Cir. 1997).  See also *Ramos v. Roman*, 83 F.Supp.2d 233, 238 (D.P.R.

9

10   2000).  Thus, the Court finds, the statute of limitations commenced running on October 29,

11   1997.  Matos did not file this suit until December 14, 1998, more than one year later.

12        To save her § 1983 claims from demise, Matos argues that retaliatory actions were

13   taken against her repeatedly as late as June of 1998.  The problem for Matos, however, is

14   that her claim is for denial of the equal protection of the laws.  She was clearly aware, or

15   should have been aware, of being deprived of equal protection on October 28, 1997.  Thus,

16

17   it was incumbent upon her to assert her rights in a timely manner.  The fact that she was

18   subjected to further mistreatment at work does not alter the date of her awareness of the

19

20   alleged violation of § 1983.[3]

21        Matos makes a further attempt to revive her § 1983 claims by arguing that the

22

23   _____

24        [3]Matos has made no arguments regarding the existence of a continuing violation.
     The Court shall not make these arguments for her.  See *Cruz-Erazo v. Rivera-Montañez*, –
25   F.3d –, 2000 WL 490828, 7 n. 3 (1ˢᵗ Cir. 2000) (stating that when a litigant has failed to
     raise a legal argument, "we think neither [the district nor the circuit] court is obliged to
26   dream up and articulate [litigants'] arguments for them").

AO 72
(Rev 8/82)

Civil No. 98-2391 (HL)                          5

1   statute of limitations was tolled by her pursuit of an extrajudicial claim.  It is well settled

2   that tolling of the §1983 statute of limitations is governed by state law.  See, e.g., *Benitez-*

3   *Pons*, 136 F.3d at 59; *Torres v. Superintendent of Police*, 893 F.2d 404, 407 (1ˢᵗ Cir. 1990).

4
    Under the Puerto Rico Civil Code, extrajudicial claims toll the statute of limitations.  P.R.
5
6   Laws Ann. tit. 31, § 5303 (1991); *Benitez-Pons*, 136 F.3d at 59.  Matos argues that her

7   filing of an administrative claim before the Puerto Rico Antidiscrimination Unit ("AU")

8   and the Equal Employment Opportunity Commission ("EEOC") on April 18, 1998 tolled
9
    the statute of limitations on her § 1983 claim.
10

11       For an extrajudicial claim to toll a statute of limitations, however, the extrajudicial

12   claim must present the identical cause of action as the claim later presented in court.

13   *Benitez-Pons*, 136 F.3d at 59.  Further, the two claims must arise from the same facts and

14
    must request the same relief.  *Id.* at 59-60.  Matos' extrajudicial claim was brought to
15
16   remedy "sexual harassment and retaliation."  Dkt. No. 14, Exhibit 1.[4]  Her extrajudicial

17   claim makes no mention of any desire for redress for a violation of her right to the equal

18
    protection of the laws.  *Id.*  Thus, Matos did not toll the statute of limitations on her § 1983
19

20

21   _____

22       [4]Although the Motion to Dismiss in this case is based on Rule 12(b)(6), the Court
23   may under certain circumstances consider documentary evidence.  The First Circuit has
     held that "[w]hen, as now, a complaint's factual allegations are expressly linked to – and
24   admittedly dependent upon – a document (the authenticity of which is not challenged), that
25   document effectively merges into the pleadings and the trial court can review it in deciding
     a motion to dismiss under Rule 12(b)(6)."  *Beddall v. State Street Bank & Trust Co.*, 137
26   F.3d 12, 17 (1ˢᵗ Cir. 1998).

Civil No. 98-2391 (HL)                                6

claims by filing her extrajudicial claim.[5] In addition to the lack of identity between Matos'

extrajudicial claim and her § 1983 claim, the case law makes clear that because "the EEOC

has no jurisdiction over claims brought pursuant to § 1983, . . . a charge filed with the

EEOC or Puerto Rico Anti-Discrimination Unit cannot serve to toll the limitations period

for a § 1983 claim." *Sifre v. Department of Health*, 38 F.Supp.2d 91, 96 (D.P.R. 1999)

(citing *Leon-Nogueras*, 964 F.Supp. at 589), *aff'd*, – F.3d –, 2000 WL 669788 (1st Cir.

2000) . Matos' § 1983 claims are time barred.

### 3. Local Law Claims

Defendants also move for the dismissal of Matos' local law claims on statute-of-

limitations grounds. Matos' local law claims apply only to Toledo, Mercado, Poe, and

Soe. Matos again asseverates that her extrajudicial claim tolled the statute of limitations

on her claims under Law 17, Law 69, and Article 1802.

Although Law 17 and Law 69 do not set forth their own statutes of limitations in

their statutory language, the one-year tort limitations period applies to both causes of

action by analogy to Law 100, 29 P.R. Laws Ann. § 146 et seq. (1995), Puerto Rico's

general employment discrimination statute. *Suarez Ruiz v. Figueroa Colon*, 98 JTS 32

(1998) (holding that in the absence of a legislative statement on the matter, the statute of

_____

[5]It is incumbent upon the party bringing an extrajudicial claim to identify with particularity the causes of action being pressed, as this enables the Court to determine which causes of action are tolled when various potential causes of action arise from the same set of facts. *Leon-Nogueras v. University of Puerto Rico*, 964 F.Supp. 585, 588 (D.P.R. 1997).

Civil No. 98-2391 (HL)                  7

1   limitations for Law 17 and Law 69 is the one-year term that is applicable to Law 100

2   claims and citing *Olmo v. Young & Rubicam of P.R., Inc.*, 110 P.R. Dec. 740, 745-48

3   (1981) (holding that Puerto Rico's Law 100, establishing a cause of action for, among

4
    others, race- and sex-based dismissals, is subject to the one-year tort statute of limitations
5
6   because of the tort statute's being the most closely analogous statute)).  See also *Sanchez v.*

7   *Autoridad de Energia Electrica*, 97 JTS 45 (1997) (assuming without citation or discussion

8
    that the limitations period for Law 17 claims is one year); *Matos Molero v. Roche*
9
10  *Products, Inc.*, 132 P.R. Dec. 470, 476 (1993) (recognizing the one-year statute of

11  limitations for claims under Law 100); *Secretario del Trabajo y Recursos Humanos v. F.H.*

12  *Co., Inc.*, 116 P.R. Dec. 823, 827 (1986) (same).

13
         Matos' extrajudicial claim tolls the statute of limitations on her Law 17 claim.
14
15  Matos' extrajudicial claim sets forth facts supporting a claim for "sexual harassment and

16  retaliation," both of which are subsumed by Law 17.  See P.R. Laws Ann. tit. 29, § 155 et

17  seq. (1995).  Thus, her extrajudicial claim is identical to her Law 17 claim, and her Law 17

18
    claim was tolled by the filing of her extrajudicial claim.  See *Benitez-Pons*, 136 F.3d at 59.
19
20  Under Puerto Rico law, when "the running of a statute of limitations is tolled by [the filing

21  of an extrajudicial claim], the period of limitations begins to run again from the

22  beginning." *Leon-Nogueras*, 964 F.Supp. at 587 (citing *Diaz-de-Diana v. A.J.A.S. Ins.*

23
    *Co.*, 110 P.R. Dec. 471 (1980)).  Thus, when Matos filed her extrajudicial claim on April
24
25  18, 1998, the one-year statute of limitations on her Law 17 claim reset.  Matos' December

26  14, 1998 filing of this suit, then, fell well within the statute of limitations.

AO 72
(Rev 8/82)

Civil No. 98-2391 (HL)                    8

1    Law 69 deals with discrimination in employment on the basis of sex.  According to

2    the Supreme Court of Puerto Rico, sexual harassment is a form of discrimination on the

3    basis of sex proscribed by Law 100.  *Sanchez*, 97 JTS 45 (citing *Delgado Zayas v.*

4
     *Hospital Interamericano*, 137 P.R. Dec. 643, 651 (1994)).  In spite of this, the Puerto Rico
5
6    legislature passed Law 17 prohibiting sexual harassment.  *Id.*  Because the Supreme Court

7    of Puerto Rico has held that sexual harassment under Law 17 is a form of sex

8    discrimination, it follows that Law 69's prohibition on sex discrimination in employment
9
     also overlaps with Law 17's prohibitions.  Thus, Matos' extrajudicial claim of sexual
10
11   harassment constitutes a claim of sex discrimination.  Matos' extrajudicial claim for sexual

12   harassment thus tolled the statute of limitations for her Law 69 claim.  The one-year statute
13
     of limitations having reset on April 18, 1998, Matos' December 14, 1998 filing of this
14
15   lawsuit fell within the statute of limitations.

16   Article 1802 is Puerto Rico's basic tort statute.  Unfortunately for Matos, the case

17   law makes clear that her extrajudicial claim did not toll the statute of limitations for her
18
     tort claim.  See *Sifre*, 38 F.Supp.2d at 96; *Leon-Nogueras*, 964 F.Supp. at 588 (pointing out
19
20   that "the Supreme Court of Puerto Rico has held that the filing of an administrative charge

21   [with the EEOC or the AU] will not toll the running of the statute of limitations for a tort

22   action, even if the tort arises from the same event which gave rise to the administrative
23
     complaint).  A one-year statute of limitations applies to torts in Puerto Rico.  P.R. Laws
24
25   Ann. tit. 31, § 5298 (1991).  Further, this period begins at "the time the aggrieved person

26   had knowledge" of the injury.  P.R. Laws Ann. tit. 31, § 5298 (1991).  This statutory

Civil No. 98-2391 (HL)                          9

1  provision has been interpreted by the Supreme Court of Puerto Rico to require one to show

2  "both 'notice of the injury' and 'notice of the person who caused it.'" *Fragoso v. Lopez*,

3  991 F.2d 878, 886 (1st Cir. 1993) (quoting *Colon Prieto v. Geigel*, 115 P.R. Dec. 232, 247,

4
5  15 Official Translations 313, 330 (1985)).  Thus, Matos' Article 1802 claim accrued on

6  October 28, 1997, the day on which Mercado allegedly sexually assaulted her.  Matos did

7  not file this suit until December 14, 1998.  Thus, her Article 1802 claims are time-barred.

8          Although the parties have not addressed this issue, the Court notes that Matos'
9
10  claims under Law 17 and Law 69 face an additional hurdle.  Considerable authority

11  construing Law 17 and the closely analogous Law 100 suggests that neither Law 17 nor

12  Law 69 supports a cause of action against individual defendants.[6]  See *Maldonado*

13  *Cordero*, 73 F.Supp.2d at 184 (holding that there is no individual liability under Law 100);
14
15  *Canabal*, 48 F.Supp.2d at 98-99 (deciding that neither Law 17 nor Law 100 allow

16  individual liability); *Santiago v. Lloyd*, 33 F.Supp.2d 99, 104-05 (D.P.R. 1998) (holding

17  that although the Puerto Rico courts have not addressed the issue, Law 17 and Law 100 do

18  not support a cause of action against individual defendants); *Figueroa v. Mateco*, 939
19
20  F.Supp. 106, 107 (D.P.R. 1996) (stating that although there are no decisions from the

21  Puerto Rico Supreme Court on the matter of individual liability under Law 100, "the Court

22  concludes that Law 100 does not provide for the imposition of individual liability");

23  _____

24          [6]Although the Puerto Rico Supreme Court has not explicitly ruled on the
25  applicability of Law 17 and Law 69 to individual defendants, when state law is
    unambiguous, as it is here, a federal court should not abstain from ruling on an issue of
26  state law. *Rivera-Puig v. Garcia-Rosario*, 983 F.2d 311, 322 (1st Cir. 1992).

Civil No. 98-2391 (HL)                          10

*Garcia Pantoja v. General Instruments, Inc.*, 1996 WL 790102, 1 (D.P.R. 1996) (finding

that neither Law 17 nor Law 100 provide for individual liability).

        Besides these several federal cases treating this topic, the Court looks to Law 100

by analogy to determine whether Law 17 and Law 69 support individual liability. As the

cases and commentary cited below in this Opinion and Order make clear, Law 17, Law 69,

and Law 100 serve virtually identical purposes and outlaw virtually identical behaviors. In

fact, Law 17 and Law 69 are merely amplifications of principles already contained in Law

100, which of course does not allow individual liability. Accordingly, Law 17 and Law 69

are, according to the canons of statutory construction, to be interpreted *in pari materia*

with Law 100. See *Beauchamp v. Holsum Bakers*, 116 P.R. Dec. 522, 526-27 (1985)

(setting forth that laws covering the same matter or object should be interpreted *in pari*

*materia*, allowing the clear part of one statute to illuminate unclear parts of another); R.

Efren Bernier, *Aprobacion e Interpretacion de las Leyes en Puerto Rico* 483 (2d ed. 1987)

(same). Another recognized commentator has stated, "[s]tatutes are considered to be in

pari materia when they relate to the same person or thing, to the same class of persons or

things, or have the same purpose or object." Norman J. Singer, 2B *Sutherland Statutory*

*Construction* § 51.03 (5th ed. 1992). See also *Suarez Ruiz*, 98 JTS 32 (stating that Law 17

and Law 69 represent more specific prohibitions of what is already prohibited by Law 100

and that all three statutes form a single legislative scheme to create a public policy against

sex discrimination); *Velez Miranda v. Servicios Legales de Puerto Rico, Inc.*, 98 TSPR 1

(1998) (holding that Law 17 makes express the prohibition on sexual harassment and

Civil No. 98-2391 (HL)                    11

1    serves the same purpose as Law 100); *Sanchez*, 97 JTS 45 (asserting that sexual

2    harassment is a form of sex discrimination prohibited by Law 100); *Delgado Zayas*, 137

3    P.R. Dec. at 651 (same); *Rodriguez Melendez v. Supermercados Amigo, Inc.*, 126 P.R.

4
     Dec. 117, 124 (1990) (same); Alberto Acevedo Colom, *Legislacion Protectora del Trabajo*
5
6    *Comentada* 246-47 (6th ed. 1999) (opining that the legislature of Puerto Rico in passing

7    Law 17 and Law 69 added nothing to the law as it stood under Law 100).

8        Further evidence of the unity of purpose and structure of these three statutes is the
9
     remedial provisions of the statutes. Law 17 and Law 69 both borrow the Law 100
10
11   provision for the doubling of a plaintiff's damages. See 29 P.R. Laws Ann. § 146(a)(1)

12   (1995); P.R. Laws Ann. tit. 29, § 155j(1) (1995); P.R. Laws Ann. tit. 29, § 1341(a)(1)

13   (1995). Thus, the Court concludes that Law 17 and Law 69 do not support individual

14
     liability. Accordingly, Matos' claims under Law 17 and Law 69 can not continue.
15

16                        *4. Punitive Damages*

17       In their Motion to Dismiss, Defendants argue that punitive damages are not

18   available against the Commonwealth. In her Opposition, Matos agrees. Because none of
19
20   Matos' claims against the individual defendants remain, Matos' claims for punitive

21   damages no longer survive.

22                            **Conclusion**
23
         With this Opinion and Order, the Court hereby dismisses with prejudice Plaintiff's
24
25   Title VII claims against Defendants Pedro A. Toledo-Davila ("Toledo"), Carlos Mercado

26   Colon ("Mercado"), Peter Poe ("Poe"), and Samuel Soe ("Soe"); Plaintiff's § 1983 claims;

AO 72
(Rev 8/82)

Civil No. 98-2391 (HL)                12

1  Plaintiff's Article 1802 claims; and Plaintiff's Law 17 and Law 69 claims.  Mercado's

2  Title VII claims against the Commonwealth remain intact.

3

4

**IT IS SO ORDERED.**

5

6  San Juan, Puerto Rico, June 22, 2000.

7

8                                              HECTOR M. LAFFITTE

9

10                                             Chief U.S. District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AO 72
(Rev 8/82)